IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luckey Farmers, Inc.,  Case No. 23-cv-01091

        Plaintiff,

  v.

Tim Vergote,  **ORDER**

        Defendant.

Before me is Defendant's motion to alter or amend the judgment. (Doc. 32). For the reasons that follow, I deny the motion.

Defendant's motion argues that, before I dismissed the case for lack of subject matter jurisdiction, I should have afforded Defendant an opportunity to supplement its diversity allegations. (Doc. 32, PgID. 396).

28 U.S.C. § 1447 precludes me from addressing this motion. 28 U.S.C. § 1447 states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

The Sixth Circuit, like many other circuits, interprets § 1447 "as precluding further reconsideration or review of a district court's order remanding a case back to state court." *Bank of New York Mellon v. Ackerman*, 949 F.3d 268, 269 (6th Cir. 2020) (upholding the district court's decision denying reconsideration of its order of dismissal and remand on the basis that it lacked subject matter jurisdiction to do so). My remand to the state court "divests the district court of any

1

further jurisdiction over the case." *Id*. Accordingly, I deny Defendant's motion because I do not have jurisdiction to address it.

Even so, I note that Defendants had ample opportunity to present the information necessary to demonstrate jurisdiction when they removed the case to federal court.

In 1938, the Supreme Court stated, with regard to diversity jurisdiction: "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). This maxim is as true now as it was then.

A district court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Further, "the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Defendant removed the case on June 16, 2023. (Doc. 1). Defendant invoked federal diversity jurisdiction upon removal. (*Id*.) It was Defendant's burden to demonstrate that the parties were citizens of different states and that the amount in controversy exceeded $75,000.

I did not dismiss the case until February 15, 2024. (Docs. 32, 33). At any point from June 16, 2023 to February 15, 2024, while the motion to dismiss was pending, Defendant could have filed a request for leave to supplement its jurisdictional statement. Defendant never did so.

Moreover, the same counsel as counsel for Defendant here removed four other nearly identical cases involving Luckey Farmers, which were assigned to several of my colleagues. Defendant's counsel supplemented the removals' jurisdictional statements in those cases. *See e.g., Luckey Farmers, Inc. v. Dzurka Bros.*, Case No. 23-01203, Doc. 3 (ordering defendant to state its jurisdictional allegations) (Helmick, J.); Doc. 8 (Affidavit in Support of Jurisdiction).

2

I did not issue a similar order prompting Defendant to supplement its jurisdictional statements, nor was I required to do so. Defendant had the obligation to satisfy jurisdictional requirements in the first place upon removal and failed to do so. Therefore, even if I were not precluded from reviewing this motion under § 1447, I would decline to do so.[1]

**Conclusion**

It is, therefore, ORDERED THAT:

Defendant's motion to alter or amend the judgment (Doc. 32) be, and the same hereby is, denied.

    SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge

---

[1] In any event, setting aside these core jurisdictional barriers, I would decline to exercise supplemental jurisdiction as I did in my prior order.